NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3275

_____

UNITED STATES OF AMERICA

v.

LAWRENCE BLEVINS, JR.,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-12-cr-00252-001)
District Judge: Honorable Christopher C. Conner

_____

Submitted under Third Circuit LAR 34.1(a)
on March 6, 2015

Before: SHWARTZ, SCIRICA and ROTH, Circuit Judges

(Opinion filed June 15, 2015)

_____

OPINION[*]

_____

ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lawrence Blevins was convicted of receipt of child pornography under both 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(2). He appeals his convictions on the grounds that prejudicial evidence was admitted against him in violation of Federal Rules of Evidence 404(b) and 403 and that the two convictions stem from identical conduct, thus, violating his double jeopardy rights. Because the redacted video evidence was highly probative to discredit his defense that the child pornography images were not his, we will affirm the evidentiary rulings and judgment of conviction under 18 U.S.C. § 2252(a)(2). The government concedes the double jeopardy issue; we will therefore reverse the judgment of conviction under 18 U.S.C. § 2252A(a)(2) and remand the judgment of sentencing to the District Court to vacate the sentence imposed for that conviction..

## I. Background

On December 29, 2011, pursuant to a search warrant, police seized from Blevins' bedroom his desktop computer, his laptop computer, and two external hard drives containing child pornography. The police had obtained the search warrant in connection with an investigation of the use of peer-to-peer file sharing software called FrostWire to distribute child pornography. A forensic examination of Blevins' computer equipment revealed that FrostWire was installed and that the computer was used in conjunction with the two external hard drives that contained the same images.

The computer equipment also contained explicit videos of women in various stages of undress. The videos and accompanying testimony demonstrated that they were secret recordings made by Blevins in the bathroom of the house where he rented an upstairs bedroom. The house was owned by Michael Cramer; one of the videos captured

2

images of his adult daughter, Marlea, while another—a splicing of two separate videos—captured Cramer's fiancée, Brenda Blair-Long. While Blevins denied intentionally creating the Marlea Cramer video or intentionally downloading it to his computer, he appears in the video, setting up and retrieving the camera. Blevins also denied making the video of Brenda Blair-Long and denied knowing who spliced the two videos together; however, Blevins' brand of cigarettes appeared in the final spliced video. The Marlea Cramer video was found in nested layers of "New Folders" on the same hard drive as nearly half a million child pornography images and 517 child pornography videos. The Brenda Blair-Long video was found on both external hard drives within a series of "New Folders" that contained child pornography.

The government sought to play the videos for the jury to demonstrate that they were the type of videos that Blevins would want to keep hidden. The government proffered that the commingled file locations for different items that Blevins sought to keep hidden demonstrated knowledge and lack of accident regarding the child pornography. Blevins filed a pretrial motion *in limine* to preclude the use of video evidence under Rule 404(b) as prior evidence of bad acts used to show a propensity for those bad acts. Because the District Court found that the government's use of the video evidence required no inference about Blevins' character, the court ruled that snapshots or freeze frames of the videos would be admitted subject to a limiting instruction,.

At trial, Blevins renewed his objection to the videos. The government made clear that it intended to show videos in which all nudity was redacted. Despite the court's prior order limiting the evidence to snapshots or freeze frames, the government proposed to

show videos in which all nudity was redacted. Blevins' renewed objection went to the earlier ruling on propensity, not to the redactions. The court permitted the use of the redacted videos.

Blevins' defense centered on his claim that the images were not his, that he purchased the computers at a flea market and noticed the child pornography later. He claimed the illicit images were mixed in with the music files; when he found them; he segregated and then deleted them. Blevins also testified that he used Frostwire only for music and that the pornography downloads were performed by someone else without his permission. He added that he often left his room unlocked. The government presented several witnesses who stated that Blevins was very private and kept his door locked at all times. Two of those witnesses were Marlea Cramer and Blair-Long. In closing arguments, the government emphasized the video evidence, but clearly explained that it was only introduced to demonstrate Blevins' exclusive control over his computer equipment and knowledge of the contents.

After the verdict, Blevins moved for a new trial, raising both the evidentiary and double jeopardy issues. The District Court denied the motion. Blevins appealed.

## II. Discussion

### A. Admission of the Video Evidence Was Permissible.[1]

---

[1] We review de novo whether evidence falls within the scope of Rule 404(b). *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010). Other evidentiary questions, such as Rule 403 determinations that evidence is more probative than prejudicial, are reviewed for abuse of discretion. *Id.*

4

Rule 404(b) precludes evidence of "crimes, wrongs, or other acts" "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." To be admissible under Rule 404(b), the evidence must have a proper evidentiary purpose and comply with the standard limitations under Rule 403.[2] "A proper purpose is one that is 'probative of a material issue other than character.'"[3]

The government offered the video evidence to demonstrate knowledge and lack of accident in the contents of the file folders. Knowledge and lack of accident are expressly characterized in the Rule itself as proper evidentiary purposes.[4] The mere fact, however, that evidence reflects badly on a defendant does not render it inadmissible under Rule 404(b).[5]

Rule 403 prohibits "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[6] It is clear that playing the videos to the jury was highly prejudicial. In ruling on the motion *in limine*, however, the District Court held that the videos were highly probative on two of the government's points: 1) that Blevins knew the contents of his "New Folder" tree and 2) that there was limited outside access to his computer. The secretive nature of the home videos carries a strong inference of Blevins' knowledge. Blevins is likely to keep close control over electronic

---

[2] *United States v. Bergrin*, 682 F.3d 261, 278 (3d Cir. 2012).
[3] *United States v. Green,* 617 F.3d 233, 250 (3d Cir. 2010) (quoting *Huddleston v. United States*, 485 U.S. 681, 686 (1988)).
[4] Fed. R. Evid. 404(b).
[5] *Gov't of Virgin Islands v. Harris,* 938 F.2d 401, 419 (3d Cir. 1991).
[6] Fed. R. Evid. 403.

devices where such explicit home videos are hidden. Further, the videos themselves contained evidence that Blevins created them: he appeared in one and his brand of cigarettes appeared in the other.

These videos were thus both highly prejudicial and highly probative. Measures were taken to reduce the prejudice, and the court gave a limiting instruction to the jury. Therefore, we conclude that the District Court did not abuse its discretion by finding that the prejudice did not substantially outweigh the probative value.

### B. Blevins' Right Against Duplicative Punishment Was Violated.

Although charges were brought against Blevins under two different statutes, 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(2), the underlying conduct for both offenses was the same. The District Court imposed concurrent sentences and supervised release of identical duration, but it also imposed an additional fine, and special assessment. Therefore, the second conviction increased his punishment.[7] The government has conceded that the second conviction violates Blevins' Fifth Amendment right against double jeopardy and we agree. We will reverse the conviction under 18 U.S.C. § 2252A(a)(2).

### III. Conclusion

For the reasons stated above, we will affirm the judgment of conviction under 18 U.S.C. § 2252(a)(2), reverse the judgment of conviction under 18 U.S.C. § 2252A(a)(2), and remand the judgment of sentence on that conviction to the District Court to vacate the sentence imposed..

---

[7] *See United States v. Miller,* 527 F.3d 54, 72-74 (3d Cir. 2008) .